**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 13 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIKHAIL BORISOVICH MOISEEV, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 12-70612 Agency No. A072-401-012 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 12, 2015
San Francisco, California

Before: REINHARDT, NOONAN, and CALLAHAN, Circuit Judges.

Petitioner Mikhail Moiseev, a Russian citizen, appeals the Board of

Immigration Appeals' (BIA) denial of her motion to reopen asylum proceedings.

We review for abuse of discretion, *see Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176,

1187 (9th Cir. 2001) (en banc), and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Previously, Moiseev petitioned for asylum based on her Jewish identity; the BIA denied the petition in 2004. In 2011, Moiseev moved for the reopening of her case, arguing that she should be granted asylum based on her status as a transgendered woman. The BIA denied the motion, concluding both that the motion was untimely and that it did not present information that "was 'not available and could not have been discovered or presented at the former hearing.'" On appeal, Moiseev recognizes that she filed her motion to reopen more than 90 days after the BIA's 2004 decision, but argues that the deadline should be equitably tolled in her case because alleged mental health issues prevented her from presenting an asylum claim before that time based on her transgender status.

We have held that the 90-day deadline to file a motion to reopen is subject to equitable tolling and that "mental incapacity" may serve as a basis for equitable tolling. *Socop-Gonzalez*, 272 F.3d at 1193 (citing *Stoll v. Runyon*, 165 F.3d 1238 (9th Cir. 1999)). Even if we were to equitably toll the deadline for Moiseev's motion to reopen, however, the BIA still did not abuse its discretion by concluding that Moiseev's motion did not present information that was "not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Moiseev's own declaration states that she has known that she is transgendered, and was mistreated in Russia for that reason, since her youth, long

2

before 2004.  In addition, the psychological report filed in support of her motion to reopen states that at various times prior to 2004 she lived openly as a woman in the United States.  Because this information could have been presented in Moiseev's prior proceedings, we are compelled to conclude that the BIA did not abuse its discretion in denying her motion to reopen.

**PETITION FOR REVIEW DENIED.**